UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

STEVEN MESTER,

        Petitioner,

v.

STATE OF MICHIGAN,

        Respondent.

_____/

Case No. 1:19-cv-364

Honorable Janet T. Neff

## **OPINION**

        This is an action brought by an inmate presently housed at the Marshall County Jail in Plymouth, Indiana. At the time he brought his petition, Petitioner Steven Mester was confined at the Westville Correctional Facility in Westville, Indiana. Petitioner challenges, under 28 U.S.C. § 2241, a detainer filed against him relating to a prosecution for first-degree retail fraud in Van Buren County, Michigan. (Van Buren Cty. Cir. Ct. Compl., ECF No. 12-2, PageID.64; Van Buren Cty. Cir. Ct. Register of Actions, ECF No. 11-1, PageID.48.) Petitioner claims that the detainer and the pending charges are hampering his ability to participate in desired placements and programming during his Indiana incarceration.

        Petitioner commenced this action in the United States District Court for the Eastern District of Michigan. That court ordered Respondent to answer the petition. Once Respondent complied, the court discerned that venue was proper in this Court and, accordingly, transferred the action here.

        Petitioner filed his petition in the Eastern District on June 13, 2018. At that time, he asked the court to compel Respondent to forward information regarding the detainer to the State

of Indiana so that Petitioner could challenge the detainer there. Petitioner also claimed there was insufficient evidence to support the Van Buren County charge. Therefore, Petitioner also asked the court to dismiss the detainer.

After filing his petition, Petitioner apparently received the information he needed to challenge the detainer under the Interstate Agreement on Detainers (IAD). He filed a petition in the Van Buren County Circuit Court asking that court to remove the detainer. (Verified Pet., ECF No. 11-2.)

By order entered September 4, 2018, the Van Buren County Circuit Court denied Petitioner's motion to dismiss the detainer because Petitioner had failed to comply with the requirement to file a certificate by the official having custody of Petitioner. (Order, ECF No. 11-3.) Petitioner renewed his motion on October 22, 2018, but he did not remedy the defect that prompted the court's denial of the motion in the first instance. (Verified Pet. II, ECF No. 11-4.) The trial court did not specifically address Petitioner's second motion with a new order. With regard to the second motion, the register of actions states: "per judge place documents in file as *ex parte* order has previously been sent denying dismissal." (Register of Actions, ECF No. 11-1, PageID.49.)

Respondent notes that Petitioner has never appealed the Van Buren County Circuit Court's initial order denying dismissal of the detainer. Nor has Petitioner taken any further action on his second motion in the Circuit Court or the appellate courts. Petitioner does not claim otherwise. Indeed, in the petition, Petitioner specifically acknowledged that he did not pursue available appeals of the issues he was raising. (Pet., ECF No. 1, PageID.7.)

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Upon review, and applying the standards of the AEDPA, Petitioner has failed to exhaust available state remedies. Accordingly, the Court will dismiss the petition without prejudice.

## Discussion

Petitioner challenges a detainer filed against him. This sort of challenge is a "pre-trial" matter that is properly raised under § 2241. *Norton v. Parke*, 892 F.2d 476, 478 n.5 (6th Cir. 1989). A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985). Although Petitioner references the Indiana version of the IAD, it is Michigan's version that governs a Michigan court's disposition of his motion. Mich. Comp. Laws § 780.601. The purpose of this statute is to "encourage the expeditious and orderly disposition" of "charges outstanding against . . . prisoner[s]." *Id.*

The Sixth Circuit has held that exhaustion of administrative remedies under the IAD is required before a prisoner may seek habeas relief in federal court. *Norton*, 892 F.2d at 480; *see also Grant v. Hogan*, 505 F.2d 1220, 1223 (3d Cir. 1974) (involving a federal prisoner subject to a state detainer); *Slaughter v. Henderson*, 470 F.2d 743, 744 (5th Cir. 1972) (per curiam) (same). Generally, a petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges no facts indicating that he has exhausted available administrative remedies.

In this case, Petitioner's remedy is to file a motion to dismiss any pending charges in the Michigan circuit court with jurisdiction over the detainer and the charges against him. *See*

*People v. Swafford*, 762 N.W.2d 902, 904 (Mich. 2009) (discussing such a motion). He has done so. His initial motion was unsuccessful. There has been no decision on Petitioner's second motion. The next step is to appeal that decision to the Michigan appellate courts. It is too late for Petitioner to appeal denial of his first motion. But, he can continue to seek a ruling on his second motion and then, if it is denied, appeal that denial in the appellate courts. In other words, before seeking relief in federal court, Petitioner must "avail[] himself fully of the state machinery" available to consider his claim that the state has not complied with the IAD. *See Atkins v. Michigan*, 644 F.3d 543, 547 (6th Cir. 1981). Because he has not yet done so, the Court will dismiss the petition without prejudice for lack of exhaustion.

## **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.*

Reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court will enter an order and judgment consistent with this opinion.


Dated: October 21, 2019 /s/ Janet T. Neff
Janet T. Neff
United States District Judge